1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID P. VANDAMENT,

                              Petitioner,

v.

SCOTT RUSSELL,

                              Respondent.

CASE NO. C14-5182 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

13      This matter comes before the Court on the Report and Recommendation ("R&R")

14  of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 14), and

15  Petitioner David Vandament's objections to the R&R (Dkt. 15).

16      On June 25, 2014, Judge Creatura issued the R&R recommending that the Court

17  dismiss Vandament's petition as time barred because it is untimely and Vandament is not

18  entitled to equitable tolling.  Dkt. 14.  On July 11, 2014, Vandament filed objections.

19  Dkt. 15.  On July 21, 2014, the Government responded.  Dkt. 16.

20      The district judge must determine de novo any part of the magistrate judge's

21  disposition that has been properly objected to. The district judge may accept, reject, or

22

1   modify the recommended disposition; receive further evidence; or return the matter to the

2   magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

3          In this case, Vandament argues that his petition is timely and, in the alternative, he

4   is entitled to equitable tolling.  With regard to the majority of Vandament's claims, Judge

5   Creatura's math is correct and Vandament's petition is untimely.  Vandament, however,

6   argues in his reply (Dkt. 13) and in his objections (Dkt. 15) that the factual predicate for

7   his fourth ground for relief was not discovered until the state filed its responsive brief to

8   Vandament's first personal restraint petition on March 8, 2010.  Even if the Court agrees

9   with Vandament and gives Vandament the benefit of the last state decision issued on that

10  petition, the one-year period began to run on June 12, 2011 and would have expired one

11  year later on June 12, 2012.  Vandament's fourth ground for relief is still untimely

12  because he failed to file the petition before June 12, 2012.  Vandament's second and third

13  personal restraint petitions do not toll the one-year period because the state court ruled

14  that they were untimely and "[w]hen a postconviction petition is untimely under state

15  law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."  *Pace v. DiGuglielmo*,

16  544 U.S. 408, 414 (2005).  Therefore, the Court adopts the R&R on the issue of whether

17  Vandament's petition is untimely.

18         With regard to equitable tolling, Vandament has failed to show that it was

19  impossible to timely file his federal petition.  Vandament's subjective belief that his

20  second and third personal restraint petitions tolled the limitations period are not

21  extraordinary circumstances that create impossibility.  Therefore, the Court adopts the

22

1  R&R on this issue of equitable tolling and concludes that Vandament's petition is time

2  barred.

3          With regard to the issue of injunctive relief, Vandament has failed to show that he

4  has any right to be housed at a particular facility.  Therefore, the Court adopts the R&R

5  on this issue as well.

6          The Court having considered the R&R, Vandament's objections, and the

7  remaining record, does hereby find and order as follows:

8          (1)     The R&R is **ADOPTED**;

9          (2)     Vandament's petition is **DISMISSED** as time barred;

10         (3)     The Court declines to issue a Certificate of Appealability; and

11         (4)     This action is **DISMISSED**.

12         Dated this 14th day of August, 2014.

13

14

15                                        BENJAMIN H. SETTLE
                                          United States District Judge

16

17

18

19

20

21

22